IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY      Civil Action
LITIGATION (NO. VI)      No. MDL 875

This document related to:  DISTRICT OF MASSACHUSETTS

ROBERT GRAZIOSO, as Executor of the   )     CIVIL ACTION # 05-11149
Estate of EMILIO P. GRAZIOSO, and   )
JOSEPHINE GRAZIOSO, Individually,   )
  )
        Plaintiff,   )
  )
v.   )
  )
METROPOLITAN LIFE INSURANCE   )
COMPANY, et al.,   
  )
        Defendants   )

## ANSWER, AFFIRMATIVE DEFENSES AND
## CROSSCLAIM OF DEFENDANTS OWENS-ILLINOIS, INC.
## AND OWENS-ILLINOIS GLASS COMPANY
## TO PLAINTIFF'S COMPLAINT AND THIRD PARTY COMPLAINT
## AGAINST MANVILLE CORPORATION ASBESTOS
## DISEASE COMPENSATION FUND

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company (hereinafter referred

to as "Defendant") hereby answers Plaintiff's Complaint as follows:

### PARTY PLAINTIFFS

1.      Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and

therefore denies the same.

### PARTY DEFENDANTS

2A.      Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 2A of Plaintiff's Complaint and

therefore denies the same.

2B.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2B of Plaintiff's Complaint and therefore denies the same.

2C.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2C of Plaintiff's Complaint and therefore denies the same.

2D.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2D of Plaintiff's Complaint and therefore denies the same.

2E.    Defendant admits that it has its principal place of business located in Ohio, but denies the remainder of the allegations in Paragraph 2E of Plaintiff's Complaint.

2F.    Defendant denies the allegations in Paragraph 2F of Plaintiff's Complaint.

2G.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2G of Plaintiff's Complaint and therefore denies the same.

2H.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2H of Plaintiff's Complaint and therefore denies the same.

2I.    Defendant admits that it has its principal place of business located in Ohio, but denies the remainder of the allegations in Paragraph 2I of Plaintiff's Complaint.

2J.    Defendant denies the allegations in Paragraph 2J of Plaintiff's Complaint.

2K.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2K of Plaintiff's Complaint and therefore denies the same.

2L.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2L of Plaintiff's Complaint and therefore denies the same.

2M.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2M of Plaintiff's Complaint and therefore denies the same.

2N.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2Nof Plaintiff's Complaint and therefore denies the same.

2O.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2O of Plaintiff's Complaint and therefore denies the same.

2P.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2P of Plaintiff's Complaint and therefore denies the same.

2Q.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2Q of Plaintiff's Complaint and therefore denies the same.

2R.    Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 2R of Plaintiff's Complaint and therefore denies the same.

2S.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2S of Plaintiff's Complaint and therefore denies the same.

2T.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2T of Plaintiff's Complaint and therefore denies the same.

2U.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2U of Plaintiff's Complaint and therefore denies the same.

2V.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2V of Plaintiff's Complaint and therefore denies the same.

2W.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2W of Plaintiff's Complaint and therefore denies the same.

2X.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2X of Plaintiff's Complaint and therefore denies the same.

3.    Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge

4

sufficient to form a belief as to the truth of the allegations in said Paragraph 3 as it relates to the other defendants and therefore denies the same.

4.    Defendant denies each and every allegation contained in Paragraph 4 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 4 of Plaintiff's Complaint insofar as they relate to all other defendants.

5.    Defendant denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 5 of Plaintiff's Complaint insofar as they relate to all other defendants.

6.    Defendant denies each and every allegation contained in Paragraph 6 of Plaintiff's Complaint to the extent that they relate to the Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company, but admits the allegations contained in Paragraph 6 of Plaintiff's Complaint insofar as they relate to all other defendants.

7.    Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 7 as it relates to the other defendants and therefore denies the same.

8.    Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 8 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT I

## NEGLIGENCE

9.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Paragraphs 1 through 8 of Plaintiff's Complaint as if set forth herein in full.

10.    Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 10 as it relates to the other defendants and therefore denies the same.

11.    Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 11 as it relates to the other defendants and therefore denies the same.

12.    Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 12 as it relates to the other defendants and therefore denies the same.

13.    Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 13 as it

relates to the other defendants and therefore denies the same.

14.    Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 14 as it relates to the other defendants and therefore denies the same.

15.    Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 15 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

**COUNT II**

**BREACH OF EXPRESSED AND IMPLIED WARRANTIES**

16.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Count I of Plaintiff's Complaint as if set forth herein in full.

17.    Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 17 as it relates to the other defendants and therefore denies the same.

18.    Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 18 as it

relates to the other defendants and therefore denies the same.

19.    Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 19 as it relates to the other defendants and therefore denies the same.

20.    Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.    Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 21 as it relates to the other defendants and therefore denies the same.

22.    Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 22 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT III

## CONSPIRACY OR CONCERT OF ACTION: METROPOLITAN ONLY

23.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I and II of Plaintiff's Complaint as if set forth herein in full.

24.    Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 24 as it relates to the other defendants and therefore denies the same.

25(a-g).    Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 25 as it relates to the other defendants and therefore denies the same.

26.    Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 26 as it relates to the other defendants and therefore denies the same.

27(a-c).    Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 27 as it relates to the other defendants and therefore denies the same.

28.    Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 28 as it relates to the other defendants and therefore denies the same.

29.    Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or

knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 29 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT IV

### UNDERTAKING OF SPECIAL DUTY: METROPOLITAN ONLY

30.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through III of Plaintiff's Complaint as if set forth herein in full.

31(a-b).    Defendant denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 31 as it relates to the other defendants and therefore denies the same.

32.    Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 32 as it relates to the other defendants and therefore denies the same.

33.    Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 33 as it relates to the other defendants and therefore denies the same.

34.    Defendant denies each and every allegation contained in Paragraph 34 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or

knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 34 as it relates to the other defendants and therefore denies the same.

35.    Defendant denies each and every allegation contained in Paragraph 35 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 35 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT V

## WRONGFUL DEATH

36.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through VI of Plaintiff's Complaint as if set forth herein in full.

37.    Defendant denies each and every allegation contained in Paragraph 37 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 37 as it relates to the other defendants and therefore denies the same.

38.    Defendant denies each and every allegation contained in Paragraph 38 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 38 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## COUNT VI

## MALICIOUS, WILLFUL, WANTON AND
## RECKLESS CONDUCT OR GROSS NEGLIGENCE

39.     Defendant repeats and realleges each and every one of its answers to the allegations contained in Counts I through V of Plaintiff's Complaint as if set forth herein in full.

40.     Defendant denies each and every allegation contained in Paragraph 40 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 40 as it relates to the other defendants and therefore denies the same.

41.     Defendant denies each and every allegation contained in Paragraph 41 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 41 as it relates to the other defendants and therefore denies the same.

42.     Defendant denies each and every allegation contained in Paragraph 42 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 42 as it relates to the other defendants and therefore denies the same.

43.     Defendant denies each and every allegation contained in Paragraph 43 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 43 as it relates to the other defendants and therefore denies the same.

44.     Defendant denies each and every allegation contained in Paragraph 44 of

Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 44 as it relates to the other defendants and therefore denies the same.

45.    Defendant denies each and every allegation contained in Paragraph 45 of Plaintiff's Complaint to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth of the allegations in said Paragraph 45 as it relates to the other defendants and therefore denies the same.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

<u>**COUNT VII**</u>

<u>**LOSS OF CONSORTIUM**</u>

46.    Defendant repeats and realleges each and every one of its answers to the allegations contained in Count I through VI of Plaintiff's Complaint as if set forth herein in full.

47.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48    Defendant denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

13

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Defendant avers that the said injuries referred to in Plaintiff's Complaint were caused by the conduct of others for whom Defendant was not responsible, and not by the conduct of defendant.

### FOURTH DEFENSE

Plaintiff husband voluntarily assumed the risk of his injuries and, therefore, recovery is barred.

### FIFTH DEFENSE

Defendant has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claimed to have been sustained by the Plaintiffs.

### SIXTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of the failure of the Plaintiffs to give reasonable notice of the alleged breaches as required by the applicable provisions of the Uniform Commercial Code.

### SEVENTH DEFENSE

Defendant avers that any claims for alleged breaches of warranty are barred by reason of lack of privity.

### EIGHTH DEFENSE

If Plaintiff husband sustained injuries as alleged, then the same occurred as a result of the abuse and misuse of the products allegedly in question.

### NINTH DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiff's Complaint which caused injury to Plaintiff husband. Notwithstanding, the products of Defendant which Plaintiff husband allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered sometime after the sale and prior to the use or exposure as alleged.

### TENTH DEFENSE

The claims of the Plaintiffs are barred by the doctrine of laches in failing to notify the necessary parties of the claim or give due and timely notice of their claim against Defendant to the prejudice of Defendant.

### ELEVENTH DEFENSE

Punitive damages are unconstitutional for the following reasons:

a)      The subjecting of Defendant to multiple trials for the same course of conduct and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the Constitution of the Commonwealth of Massachusetts;

15

b)      The standard for the award of punitive damages is constitutionally void for vagueness;

c)      There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct.

## TWELFTH DEFENSE

Defendant avers that the state of the medical and scientific knowledge regarding its products and/or their contents, at all times material hereto, was such that Defendant never knew or could have known that its products presented any risk or harm to the Plaintiffs if such products were properly used.

## THIRTEENTH DEFENSE

Defendant avers that if Plaintiff husband applied for and received workers' compensation benefits, then this Complaint is barred by the provision of the Workers' Compensation Act.

## FOURTEENTH DEFENSE

Defendant avers that there has been an insufficiency of process and an insufficiency of service of process.

## FIFTEENTH DEFENSE

If it is proven at trial that products of Defendant were furnished as alleged to Plaintiff husband's employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by this defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of the said employers.

16

**SIXTEENTH DEFENSE**

Defendant avers that if Plaintiffs have settled with and/or released other defendants or entities who are tortfeasors in accordance with Massachusetts General Laws, Defendant Owens-Illinois, Inc. is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**SEVENTEENTH DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiff's Complaint.

**EIGHTEENTH DEFENSE**

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiff's Complaint.

**NINETEENTH DEFENSE**

Plaintiff husband is not a person whom the Defendant could reasonably have expected to use, consume, or be affected by its products.

**TWENTIETH DEFENSE**

The injuries complained of by the Plaintiff husband are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff husband and exposure to other particulates in the environment.

**TWENTY FIRST DEFENSE**

The Defendant had no duty to give instructions to Plaintiff husband or to warn Plaintiff husband of any hazards attendant to the contact with, use of, or exposure to its products

17

containing asbestos, whether known or constructively known by Defendant, because those hazards were known by other persons who controlled or supervised Plaintiff husband in the course of or incidental to his employment.

### TWENTY SECOND DEFENSE

An action for breach of warranty was not available to Plaintiffs during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

### TWENTY THIRD DEFENSE

The Plaintiff's claims are barred for failure of the Plaintiffs to give notice to Defendant of any alleged breach.

### TWENTY FOURTH DEFENSE

No warranty of any kind was extended to Plaintiffs in this matter.

### TWENTY FIFTH DEFENSE

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

### TWENTY SIXTH DEFENSE

Applicable Massachusetts law provides no basis for the assertion of express warranty in favor of Plaintiffs at the time when any sale or transfer of Defendant's products containing asbestos is alleged to have taken place.

### TWENTY SEVENTH DEFENSE

The utility of the products manufactured by Defendant outweighs the danger allegedly involved and, therefore, Plaintiff's claim is barred as a matter of public policy.

### TWENTY EIGHTH DEFENSE

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

### TWENTY NINTH DEFENSE

The Plaintiffs failed to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by these Plaintiffs.

### THIRTIETH DEFENSE

Defendant Owens-Illinois, Inc. ceased to manufacture, sell and distribute asbestos-containing insulation products in 1958. It has not since engaged in any such business. As between Plaintiff and Defendant Owens-Illinois, the law applicable to this action is the law that existed in 1958 and before. It is unlawful, inequitable and in violation of Defendant Owens-Illinois' contractual, statutory and constitutional rights to apply statutes and principles of law other than, or in a manner different from, that which existed for the period in which Defendant Owens-Illinois sold its asbestos-containing insulation products.

### THIRTY FIRST DEFENSE

The negligence of the Plaintiff husband's employer was a concurrent, proximate cause of the damages allegedly suffered by the Plaintiff husband, and the Defendant is entitled to have any judgment against it in favor of the Plaintiffs reduced by the amount of any present or future compensation which the Plaintiffs have or will receive under any state or federal workers' compensation statute or longshoremen's and harbor workers' lien.

### THIRTY SECOND DEFENSE

If Plaintiffs establish any exposure to Defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff husband's claimed injuries.

### THIRTY THIRD DEFENSE

If Plaintiff husband was exposed to any of Defendant's asbestos products, then the Defendant is not liable to the Plaintiffs as a matter of law because of the government contract and/or government specification defenses.

### THIRTY FOURTH DEFENSE

The venue selected by the Plaintiffs is improper.

### THIRTY FIFTH DEFENSE

The forum selected by Plaintiffs is not convenient.

### THIRTY SEVENTH DEFENSE

Defendant hereby adopts and incorporates herein all of the Standard Affirmative Defenses, the Supplemental Standard Set of Affirmative Defenses and the Second Supplemental Standard Set of Affirmative Defenses filed IN RE: Massachusetts Asbestos Cases and dated December 10, 1985, January 6, 1996 and May 27, 1999, respectively.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

### THIRD-PARTY COMPLAINT AGAINST MANVILLE CORPORATION ASBESTOS DISEASE COMPENSATION FUND

Defendant and Third Party Plaintiff Owens-Illinois, Inc. and Owens-Illinois Glass

Company hereby complains against Third Party Defendant Manville Corporation Asbestos Disease Compensation Fund, by adopting and incorporating herein, pursuant to Court Order dated August 15, 1989, each and every allegation set forth in the Model Third Party Complaint against Manville Corporation Asbestos Disease Fund.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed and Defendant awarded its costs.

## CROSSCLAIM AGAINST ALL DEFENDANTS

Defendants Owens-Illinois, Inc. and Owens-Illinois Glass Company hereby complain against all present and future Defendants by adopting and incorporating herein each and every allegation set forth in the model Crossclaim referenced in Pretrial Order No. 4, section V(F), dated March 11, 1985.

Wherefore, the Defendants Owens-Illinois Inc. and Owens-Illinois Glass Company respectfully pray that each of the Crossclaims be sustained and that any judgment against them be reduced or vacated in accordance with the cross claims filed herein.

The Defendant demands a trial by jury.

Dated at Portland, Maine this _31_ day of _July_____, 2005.

_____
Peter J. Rubin, Esq., Bar # 432980
Attorney for Defendants
Owens-Illinois, Inc. and Owens-Illinois Glass
Company
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street, P.O. Box 9729
Portland, Maine 04101-5029
(207) 774-1200

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was copied to counsel of record via electronic service this 21 day of July, 2005.