UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-11149

ROBERT GRAZIOSO, as Executor of the Estate of          )
EMILIO P. GRAZIOSO, and JOSEPHINE GAZIOSO, Individually )
                                                        )
                        Plaintiffs,                     )
                                                        )
v.                                                      )
                                                        )
METROPOLITAN LIFE INSURANCE CO., ET AL.                 )
                                                        )
                        Defendants.                     )

### DEFENDANT'S, HOPEMAN BROTHERS, INC., ANSWER TO THE PLAINTIFF'S COMPLAINT

The Defendant, Hopeman Brothers, Inc. ("Hopeman"), hereby makes this its answer to the Plaintiff's, Robert Grazioso, as Executor of the Estate of Emilio P. Grazioso, and Jospehine Grazioso, Individually ("Plaintiffs", which refers to the decedent when used in the singular form), Complaint, as follows:

### FIRST DEFENSE

1.     Hopeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

2A-2S.     Hopeman states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hopeman denies the allegations contained in these paragraphs.

2T.     Hopeman admits that it is incorporated outside of the Commonwealth of Massachusetts and that it has, in the past, conducted business in Massachusetts. To the extent applicable, Hopeman denies the remaining allegations contained in this paragraph.

2U-2X.     Hopeman states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hopeman denies the

allegations contained in these paragraphs.

3.    Hopeman states that this paragraph is a legal conclusion for which no answer is necessary; however, in the event a response is required, the Defendant denies the allegations contained in this paragraph.

4.    Hopeman denies the allegations contained in this paragraph.

5.    Hopeman denies the allegations contained in this paragraph.

6.    Hopeman denies the allegations contained in this paragraph.

7.    Hopeman denies the allegations contained in this paragraph.

8.    Hopeman denies the allegations contained in this paragraph.

<u>COUNT I</u>

9.    Hopeman repeats and incorporates herein by reference its answer to paragraphs 1 through 8 and makes them its answer to this paragraph.

10.    Hopeman denies the allegations contained in this paragraph.

11.    Hopeman denies the allegations contained in this paragraph.

12.    Hopeman denies the allegations contained in this paragraph.

13.    Hopeman denies the allegations contained in this paragraph.

14.    Hopeman denies the allegations contained in this paragraph.

15.    Hopeman denies the allegations contained in this paragraph.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

<u>COUNT II</u>

16.    Hopeman repeats and incorporates herein by reference its answers to Count I and makes them its answer to this paragraph.

17.    Hopeman denies the allegations contained in this paragraph.

18.    Hopeman denies the allegations contained in this paragraph.

19.    Hopeman denies the allegations contained in this paragraph.

20.    Hopeman denies the allegations contained in this paragraph.

21.    Hopeman denies the allegations contained in this paragraph.

22.    Hopeman denies the allegations contained in this paragraph.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

## COUNT III

23.    Hopeman repeats and incorporates herein by reference its answers to Counts I and II and makes them its answer to this paragraph.

24-29.  Hopeman states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hopeman denies the allegations contained in these paragraphs.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

## COUNT IV

30.    Hopeman repeats and incorporates herein by reference its answers to Counts I through III and makes them its answer to this paragraph.

31-35.      Hopeman states that these paragraphs are not directed to it and, therefore, no answer is necessary; however, in the event a response is required, Hopeman denies the allegations contained in these paragraphs.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

## COUNT V

36     Hopeman repeats and incorporates herein by reference its answers to Counts I through IV and makes them its answer to this paragraph.

37.     Hopeman denies the allegations contained in this paragraph.

38.     Hopeman denies the allegations contained in this paragraph.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

## COUNT VI

39     Hopeman repeats and incorporates herein by reference its answers to Counts I through V and makes them its answer to this paragraph.

40.     Hopeman denies the allegations contained in this paragraph.

41.     Hopeman denies the allegations contained in this paragraph.

42.     Hopeman denies the allegations contained in this paragraph.

43.     Hopeman denies the allegations contained in this paragraph.

44.     Hopeman denies the allegations contained in this paragraph.

45.     Hopeman denies the allegations contained in this paragraph.

WHEREFORE, Hopeman demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of Hopeman together with its costs, interest and reasonable attorneys' fees.

## COUNT VII

46.    Hopeman repeats and incorporates herein by reference its answers to Counts I through VI and makes them its answer to this paragraph.

47.    Hopeman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

48.    Hopeman denies the allegations contained in this paragraph.

## SECOND DEFENSE

### FIRST AFFIRMATIVE DEFENSE

And further answering, Hopeman says that the acts complained of were not committed by a person for whose conduct Hopeman was legally responsible.

### SECOND AFFIRMATIVE DEFENSE

And further answering, Hopeman says that if the Plaintiff proves that Hopeman was negligent as alleged, the Plaintiff was negligent to a greater degree than Hopeman and is barred and/or limited from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

And further answering, Hopeman says that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that to the extent it had any obligations to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that no notice of the alleged breaches of warranties was given Hopeman as required by law, and Hopeman was thereby prejudiced.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that the warranties claimed did not arise in the manner alleged in the Plaintiff's Complaint, and that Hopeman did not breach any of these alleged warranties.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that it has performed and fulfilled all promises and obligations arising under all applicable warranties and that, therefore, the Plaintiff is barred from recovery.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that, upon information and belief, it is not responsible for the mining, milling, fabricating, supplying and/or selling of the alleged defective products and, accordingly, the Plaintiff's claims in this action must fail.

### NINTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that to the extent the Plaintiff's claims resulted from modifications and/or alterations made by other persons or entities and, the Plaintiff's claims in this action must fail against this Hopeman.

### TENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman says that to the extent the Plaintiff's claims resulted from the improper use of products, the Plaintiff's claims are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that there was insufficient process and the

Complaint must be dismissed pursuant to Rule 12(b)(4).

TWELFTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that there was insufficiency of service of process pursuant to Rule 12(b)(5).

THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the causes of action alleged in Plaintiff's Complaint did not accrue nor were brought within the time limited by Statute for commencement of such actions.

FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman denies the applicability of the doctrine of strict liability in tort to this litigation.

SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff may not recover against Hopeman because any damages were not due to any act or failure to act of this Hopeman, but were caused solely by the acts of a third-party or parties for whom this Hopeman is not responsible.

SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff was not in the exercise of due care, but rather the negligence of the Plaintiff contributed to or caused the injury or damage complained of, wherefore, the recovery of the Plaintiff is barred in whole or in part, or is subject to diminution as a result of the Plaintiff's conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman gave no warranties, express or implied, to the Plaintiff or to anyone acting on his behalf.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that any claim the Plaintiff may have based on alleged breaches of express or implied warranties (allegations which Hopeman specifically denies) are barred because the Plaintiff was not in privity of contract with Hopeman.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if there were express or implied warranties as alleged in the Complaint (allegations which Hopeman specifically denies) the Plaintiff was not within the scope of any such alleged warranties because he was not a purchaser, and no sale to the Plaintiff ever occurred of any product used by Hopeman.

### TWENTY FIRST AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of Article 2, M.G.L. c. 106.

### TWENTY SECOND AFFIRMATIVE DEFENSE

And further answering, Hopeman says that it is not a merchant as defined by Article 2, M.G.L. c. 106, and therefore is not subject to the application of warranty law in Massachusetts.

### TWENTY THIRD AFFIRMATIVE DEFENSE

And further answering, Hopeman says that it owed no duty to the Plaintiff in this case and, therefore, the Plaintiff's claims must fail.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if Hopeman, its agents or servants made any

warranties, express or implied, (allegations which Hopeman specifically denies) then Hopeman denies that it breached any of the warranties.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if Hopeman, its servants or agents made any express warranties (allegations which Hopeman specifically denies) then the Plaintiff did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the failure of the Plaintiff to give the required statutory notice of the alleged breaches of warranties to Hopeman resulted in delay and prejudice to Hopeman in this case and therefore, the Plaintiff cannot recover.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff was not a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the Plaintiff cannot recover in this action.

### TWENTY NINTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if it were liable, negligent or in breach of any warranty, all of which it expressly denies, Hopeman's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct Hopeman is not legally responsible.

### THIRTIETH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if the Plaintiff proves that he/she was injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for whom Hopeman is not liable.

### THIRTY FIRST AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff's employer or employers were negligent with respect to the matters set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which Plaintiff may have sustained, as set forth in the Complaint, and that the Plaintiff received workers' compensation benefits from his/her employer or employers. As a consequence, even if the Plaintiff is entitled to recover against Hopeman, which Hopeman specifically denies, he/she is not entitled to recover the amount being sought because Hopeman is entitled to set off all of the workers' compensation payments against any judgment which might be rendered in the Plaintiff's favor.

### THIRTY SECOND AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff's claims are barred by estoppel or waiver.

### THIRTY THIRD AFFIRMATIVE DEFENSE

And further answering, Hopeman states that if it mined, milled, manufactured, fabricated, supplied, sold or used any asbestos product, either directly or indirectly, on any project, which is expressly denied, such product was supplied in accordance with and pursuant to specifications established and promulgated by that project, by agencies or departments of the United States of America, other persons and/or entities.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that any asbestos containing products mined,

milled, manufactured, fabricated, supplied, sold or used by this defendant which give rise to Plaintiff's claims herein were designed and manufactured by other parties pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Hopeman, and by reason thereof, Hopeman is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design, manufacture and installation of asbestos-containing materials was such that Hopeman neither knew nor should have known that such products presented a significant risk of harm to the Plaintiff.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff has failed to mitigate damages and is therefore barred from recovery.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states if the Plaintiff was a user of tobacco products, such use contributed to any lung disease from which the Plaintiff may now suffer and further answering, Hopeman states that since the tobacco industry placed warnings on its products as to the hazards associated with smoking, the Plaintiff knowing of the hazards and voluntarily assuming the risk, should be foreclosed from any recovery for any lung disease which exists.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the alleged injury or damage sustained as a result of the occupation of the Plaintiff was an occupational disease and accordingly Hopeman is

not liable or responsible for any occupational disease which was suffered or sustained by

Plaintiff in the course of his/her employment over a number of years.

### THIRTY NINTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the utility of any of the alleged materials

allegedly mined, milled, manufactured, fabricated, supplied, sold or used by Hopeman outweigh

the danger allegedly involved, and therefore, the Plaintiff's claims are barred as a matter of

public policy.

### FORTIETH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that since the Plaintiff is unable to identify the

entity which mined, milled, manufactured, fabricated, supplied, sold or used the asbestos which

allegedly caused him injury, they fail to state a cause of action upon which relief can be granted.

### FORTY FIRST AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Complaint fails to state a claim upon

which relief can be granted to the extent that it seeks punitive or exemplary damages, which are

not recoverable under applicable law.

### FORTY SECOND AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the injuries or damages alleged were caused

in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and

regulations governing the conduct of the parties at the time said injuries or damage was

sustained.

### FORTY THIRD AFFIRMATIVE DEFENSE

And further answering, Hopeman states that there was no negligence, gross negligence,

willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights

of the Plaintiff, or malice (actual, legal or otherwise) on the part of Hopeman as to the Plaintiff

herein.

## FORTY FOURTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that any exposure of the Plaintiff to materials used by Hopeman, which exposure Hopeman vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the exposure caused his/her claimed injuries and illness.

## FORTY FIFTH AFFIRMATIVE DEFENSE

And further answering, Hopeman states that the Plaintiff is guilty of laches in bringing this action and is therefore barred from recovery.

## FORTY SIXTH AFFIRMATIVE DEFENSE

And further answering, Hopeman reserves the right to raise additional affirmative defenses after discovery under Rule 8(c) of the Massachusetts Rules of Civil Procedure.

## CROSS-CLAIM

THE DEFENDANT, HOPEMAN BROTHERS, INC., HEREBY ASSERTS THE MODEL CROSS-CLAIM AGAINST THE DEFENDANTS IN THIS ACTION TO THE EXTENT APPLICABLE.

THE DEFENDANT FURTHER GIVES NOTICE OF ITS INTENT TO ASSERT A THIRD PARTY CLAIM AGAINST THE MANVILLE CORPORATION ASBESTOS RESERVE COMPENSATION FUND, IN ACCORDANCE WITH THE AMENDED PRE-TRIAL ORDERS PERTAINING TO THIS MATTER, TO THE EXTENT APPLICABLE.

<u>JURY CLAIM</u>

THE DEFENDANT, HOPEMAN BROTHERS, INC., HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
The Defendant,
Hopeman Brothers, Inc.,
By its attorneys,

Mark B. Lavoie, BBO# 553204
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing pleading on all parties by electronic service, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED:

September 29, 2005